FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

2025 JAN 13 PM 1:14

OFFICE OF THE CLERK

Clifford Wright III
*Petitioner*

v.

United States District Court District of Nebraska
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 8:25CV12
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Clifford Wright III
   (b) Other names you have used:
2. Place of confinement:
   (a) Name of institution: Hall County Department of Corrections
   (b) Address: 110 Public safety Drive
   Grand Island, NE 68801
   (c) Your identification number: 250534
3. Are you currently being held on orders by:
   ☒ Federal authorities ☐ State authorities ☐ Other - explain:
4. Are you currently:
   ☒ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you:
   (b) Docket number of criminal case:
   (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

RECEIVED
JAN 13 REC'D
CLERK
U.S. DISTRICT COURT

### Decision or Action You Are Challenging

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☒ Pretrial detention
❒ Immigration detention
❒ Detainer
❒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
❒ Disciplinary proceedings
☒ Other *(explain)*: unlawful search and seizure of evidence, violation of Fourth constitutional Amendment rights

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: United States District Court District of Nebraska
   (b) Docket number, case number, or opinion number: 822CR253
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Suppression evidence obtained in violation of petitioner's 4th constitutional Amendment, Denial of petitioner's Franks Request • The District court withdrawl of the petitioner's Pro se motion to suppress on its own accord, • The District court withdraw of the petitioner's motion to suppres Order Identifying Physical ~~Character~~ Characteristics on it own accord
   (d) Date of the decision or action: August 22, 2024 / June 27, 2024

**Your Earlier Challenges of the Decision or Action**

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes ❒ No
   (a) If "Yes," provide:
   (1) Name of the authority, agency, or court: United States District Court District of Nebraska
   (2) Date of filing: July 11, 2023 or July 17, 2023 / between Nov 1 2023 - Dec 30, 2023
   (3) Docket number, case number, or opinion number: 822CR253
   (4) Result: Denied
   (5) Date of result: October 23, 2023 / August 22, 2024
   (6) Issues raised: Pro objection submited stated the following (as well as prose motions) The created falsehoods / deliberate false statements were used to decieve and mislead the signing Douglas County Judge gave a false demonstration of the petitioner exercising the ability to control and power to control, control over the recovered safe the three paragraphs of true jailhouse conversation that were omitted during drafting of warrant affidavit later disclosed in the police report demonstrate the petitioner lack the ability to control and was not in possession of the ~~recove~~ recovered safe contradicting the falsehoods • The reporting affiant officer's omitted Key information which served as sole basis for police presence on Ineasha Jackson residence and conducting the search
   (b) If you answered "No," explain why you did not appeal:

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ❒ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ____________

(2) Date of filing: ____________

(3) Docket number, case number, or opinion number: ____________

(4) Result: ____________

(5) Date of result: ____________

(6) Issues raised: ____________

(b) If you answered "No," explain why you did not file a second appeal:

Still a pretrial detaineed

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❒ Yes ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: ____________

(2) Date of filing: ____________

(3) Docket number, case number, or opinion number: ____________

(4) Result: ____________

(5) Date of result: ____________

(6) Issues raised: ____________

(b) If you answered "No," explain why you did not file a third appeal:

Still pretrial detainee

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❒ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❒ Yes ❒ No

If "Yes," provide:

(1) Name of court: ______

(2) Case number: ______

(3) Date of filing: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court: ______

(2) Case number: ______

(3) Date of filing: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: ______

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: ______

(b) Date of the removal or reinstatement order: ______

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Date of filing: ______

(2) Case number: ______

(3) Result: ______

(4) Date of result: ______

(5) Issues raised: ______

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court: ______

(2) Date of filing: ______

(3) Case number: ______

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☒ Yes ☐ No

If "Yes," provide:

(a) Kind of petition, motion, or application: 28 U.S.C 2241

(b) Name of the authority, agency, or court: United States District Court

(c) Date of filing: December ~~23~~ 23, 2022 – Jan 3. 2023

(d) Docket number, case number, or opinion number: 8:22CV439

(e) Result: ~~dism~~ dismissed without prejudice for not exhausting full remedies

(f) Date of result: April 6th, 2023

(g) Issues raised: Though the petitioner did not ~~alleged~~ Allege these specific ~~[illegible]~~ issues in 22cv439 the petitioner alleged the following issues
- due process claims
- Claims relating to constitutionality of his arrest
- Illegal search and seizure claims (though not as detailed as in this petition).
- claims involving improper use of evidence
- Claim involving invasion of privacy prior to his arrest
- Inter alia

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Violation of Fourth Amendment

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The created falsehoods/deliberate false information and the material omission of the affidavit in support of a search warrant and in ~~support of~~ affidavit in support of Order Identifying Physical ~~Characteristics~~ Charecterics violated the petitioners 4th constitutional Amendment rights. (This Arguement was brought up in the petitioner's pro se objections, pro se motions and a letter written to the Honorable Judge Robert F. Rossiter after The Honorable Michael D. Nelson recommendation on July 24, 2024 in relations to the petitioner's objections)

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes ☐ No

**GROUND TWO:** The ~~petit~~ reporting affiant officer gave deliberately false statements in the description of a recorded jailhouse conversation during the drafting of two warrant

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The material omissions of these recorded jailhouse conversations which were disclosed in a latter police report (which the created falsehoods/deliberate false statement were excluded/removed) There were 3 additional paragraphs of the latter police report which if were included during the drafting of the warrant affidavit the created falsehoods/deliberate false information would cease to make sense. (This Argument was included in the petitioner's pro se motions, pro se objections and letter to the Honorable Robert F. Rossiter after Nelson ~~recommen~~ recommendation on 7/24/24 in relations to the petitioner's objections)

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes ☐ No

**GROUND THREE:** The Created falsehoods/deliberate false information were deliberate and reckless were not an innocent mistake and cannot be saved by the good-faith ~~act of Franks v.~~ Delaware exception of United States v. Leon 468 U.S. 897, 104 S.Ct 3405 (1984)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

After successfully misleading and decieving the signing Douglas County Judge ~~over~~ twice over a two day period on both warrant affidavits. On the third day the reporting affiant officer removed/excluded these created falsehoods/deliberately false information during the drafting of his later police report disclosing the true material facts of these jailhouse telephone conversations adding 3 paragraphs of jailhouse telephone conversations while removing the created falsehoods. The 3 paragraph and the three Amendments to these jailhouse conversation in three days demonstrate he was reviewing this information and editing this information knowingly this Argument was also bought up in petitioner's pro se motions, pro se objections, and letter to Honorable Robert F. Rossiter Jr after Honorable Michael D. Nelson recommendation on 7/24/24

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes ☐ No

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Violation of Fourth Amendment

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The created falsehoods/deliberate false information and the material omission of the affidavit in support of a search warrant and in ~~support of~~ affidavit in support of Order Identifying Physical ~~Charecteristics~~ Charecterics violated the petitioners 4th constitutional Amendment rights. (This Arguement was brought up in the petitioner's pro se objections, pro se motions and a letter written to the Honorable Judge Robert F. Rossiter after The Honorable Michael D. Nelson recommendation on July 24, 2024 in relations to the petitioner's objections)

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes ☐ No

**GROUND TWO:** The ~~petit~~ reporting affiant officer gave deliberately false statements in the description of a recorded jailhouse conversation during the drafting of two warrant

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The material omissions of these recorded jailhouse conversations which were disclosed in a latter police report (which the created falsehoods/deliberate false statement were excluded/removed) There were 3 additional paragraphs of the latter police report which if were included during the drafting of the warrant affidavit the created falsehoods/deliberate false information would cease to make sense (This Argument was included in the petitioner's pro se motions, pro se objections, and letter to the Honorable Robert F. Rossiter after Nelson ~~recommen~~ recommendation on 7/24/24 in relations to the petitioner's objections)

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes ☐ No

**GROUND THREE:** The Created falsehoods/deliberate false information were deliberate and reckless were not an innocent mistake and cannot be saved by the good-faith ~~exception~~ ~~act of~~ ~~Franks v.~~ Delaware exception of United States v. Leon 468 U.S. 897, 104 S.Ct 3405 (1984)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

After successfully misleading and decieving the signing Douglas County Judge ~~over~~ twice over a two day period on both warrant affidavits. On the third day the reporting affiant officer removed/excluded these Created falsehoods/deliberately false information during the drafting of his later police report disclosing the true material facts of these jailhouse telephone conversations adding 3 paragraphs of jailhouse telephone conversations while removing the created falsehoods The 3 paragraph and the three Amendments to these jailhouse conversation in three days demonstrate he was reviewing this informat and editing this information Knowingly this Argument was also bought up in petitioner's pro se motions, pro se objections, and letter to Honorable Robert F. Rossiter Jr after Honorable Michael D. Nelson recommendation on 7/24/24

(b) Did you present Ground Three in all appeals that were available to you?

☒ Yes ☐ No

**GROUND FOUR:** The False Statements /created falsehoods given in the warrant affidavits contradict/give a conflicting demonstration of the material omissions of the later police report

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

The created falsehoods/deliberate false statements of the warrant affidavit give a false impression of the ability to control and power to control the recovered safe while falsely establishing possession. The material omission disclosed in the police report demonstrates the petitioner lack the ability to control and lack the power to control the recovered safe and does not establish possession as the created falsehoods/deliberate false statements of the warrant affidavits if the ~~[illegible] included~~ ~~in~~ the material omissions were included in the warrant affidavits the created falsehoods would cease to make sen

(b) Did you present Ground Four in all appeals that were available to you? This Argument was included in the petitioner pro se objections, pro se Motions, and letter to the Honorable Robert F. Rossiter Jr. after ~~Ho.~~ Honorable Michael D. Nelson recommendation on 7/24/24 in relations to the petitioner's objections

☒ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do: Suppression of the ~~[illegible]~~ illegally obtained evidence in violation of the petitioner's Fourth constitutional Amendment And dismissal of case No. 22CR253, Immediate release of the petitioner, declatory relief declaring the ~~created~~ affidavit containing deliberate false information/created falsehoods violated the petitioner's Fourth Amendment

Question 13 continued Page 2)

Ground Five: The reporting affiant officer omitted key material that was detrimental to probable cause

(a) Supporting Facts: The reporting affiant officer omitted/withheld key information that was material to probable cause when he vaguely/unconstitutionally stated "Additionally officers recieved information the box was likely transported to Jackson, Ineasha residence". The reporting affiant officer failed to state who, what, when, where, why, and how police recieved this information. How police officers recieved this information was detrimental to probable cause as this information served as the sole basis for police officer's presence at Ineasha Jackson's residence prior to the seizure of the recovered safe. The reporting affiant officer failing/withholding if this information was recieved via confindential informant, via concerned citizen, or via Anonymous tip. The reporting affiant officer depriving the signing Douglas County Judge the ability to determine if this source was a reliable source. This argument was also bought up in the petitioner's pro se motions, pro se objections, and the petitioner's letter to the Honorable Robert F. Rossiter Jr. after the Honorable Michael D. Nelson's recommedation on July 24th, 2024. Additionally this argument was bought up to the petitioner's attorney at the Jim McGough prior to the drafting of the petitioner's Frank's request. It should be noted the petitioner was orginally bought up the material omission and discrepancies to Jim McGough attention after the Honorable Court's submitted his pending civil action to Jim McGough (Case No 822CV443)

Ground Six: The petitioner's attorney at the time had malicious and unethical reasons for ignoring the petitioner's argument with merit before drafting up the petitioner's Franks Request frivilously to undermined the petitioner

(a) Supporting Facts: As stated in Ground Five the petitioner is the Individual who discovered the material omissions and the discrepancies of the warrant affidavit and the police report to his Attorney at the time Jim McGough attention after the Honorable Court submitted the petitioner's civil suit case No 22CV443 to Jim McGough. Jim McGough undermined and ignored all the arguments the petitioner bought to Jim McGough and caselaws resulting in the petitioner going prose after the Honorable Susan Bazis recommendation. Likewise the petitioner's attorney around the time The Honorable Michael D. Nelson submitted his recommendation on July 24th, 2024 Stuart Dornan ignored the objections the petitioner submitted to the Honorable Robert F. Rossiter, which also included caselaws, instead opting to submit the same frivilous arguments Jim McGough submitted during the drafting of his Frank's Request submitted for the ~~petitioner~~ CWIII petitioner which ultimately resulted in the petitioner's request to go pro se On November 1, 2023. The petitioner should not be held accountable for his Attorney failure to adequately object and his attorney's frivilous objection argument to the Honorable Michael D. Nelson's recommendaton as it evident to the letter the Petitioner submitted directly to the Honorable Robert F. Rossiter Jr. The petitioner attempted to submit a zealous objection argument to Honorable Robert F. Rossiter as the Petitioner knew the argument Jim McGough submit in his original Frank's request was frivilous without merit. The petitioner should not be punished for the inefficentcy or the unethical behaivors of his court appointed attorney due to pride or malice

Question 13 continued page 1)

Ground Five: The reporting affiant officer omitted key material that was detrimental to probable cause

(a) Supporting Facts: The reporting affiant officer omitted/withheld key information that was material to probable cause when he vaguely/unconstitutionally stated "Additionally officer recieved information the box was likely transported to Jackson, Ineasha residence". The reporting affiant officer failed to state who, what, when, where, why, and how police recieved this information. How police officers recieved this information was detrimental to probable cause as this information served as the sole basis for police officer's presence at Ineasha Jackson's residence prior to the seizure of the recovered safe. The reporting affiant officer failing/withholding if this information was recieved via confindential informant, via ~~a~~ concerned citizen, or via anonymous tip. The reporting affiant officer depriving the signing Douglas County Judge the ability to determine if this source was a reliable source. This argument was also brought up in the petitioner's pro se motions, pro se objections, and the petitioner's letter to the Honorable Robert F. Rossiter Jr. after the Honorable Michael D. Nelson's recommendation on July 24th, 2024. Additionally this argument was bought up to the petitioner's attorney at the Jim McGough prior to the drafting of ~~his~~ the petitioner's Frank's request. It should be noted the petitioner was orginally bought up the material omission and discrepancies to Jim McGough attention after the Honorable Court's submitted his pending civil action to Jim McGough (Case No 822CV443)

Ground Six: The petitioner's attorney at the time had malicious and unethical reasons for ignoring the petitioner's argument with merit before drafting up the petitioner's Franks Request frivilously to undermined the petitioner

(a) Supporting Facts: As stated in Ground Five the petitioner is the individual who discovered the material omissions and the discrepancies of the warrant affidavit and the police report to his Attorney at the time Jim McGough attention after the Honorable Court submitted the petitioner's civil suit case No 22CV443 to Jim McGough. Jim McGough undermined and ignored all the arguments the petitioner bought to Jim McGough and caselaws resulting in the petitioner going prose after the Honorable Susan Bazis recommendation. Likewise the petitioner's attorney around the time The Honorable Michael D. Nelson submitted his recommendation on July 24th, 2024 Stuart Dornan ignored the objections the petitioner submitted to the Honorable Robert F. Rossiter, which also included caselaws, instead opting to submit the same frivilous arguments Jim McGough submitted during the drafting of his Frank's Request submitted for the ~~petitioner~~ CWIII petitioner which ultimately resulted in the petitioner's request to go pro se On November 1, 2023. The petitioner should not be held accountable for his Attorney failure to adequately object and his attorney's frivilous objection argument to the Honorable Michael D. Nelson's recommendation as it evident to the letter the Petitioner submitted directly to the Honorable Robert F. Rossiter Jr. The petitioner attempted to submit a zealous objection argument to Honorable Robert F. Rossiter as the petitioner knew the argument Jim McGough submit in his original Frank's request was frivilous without merit. The petitioner should not be punished for the inefficentcy or the unethical behaivers of his court appointed attorney due to pride or malice

Question 13 continued page 2

Ground Seven: The created falsehoods/deliberate false statements of the two warrant affidavits are never spoke throughout the term of the recorded jailhouse conversations.

(a) supporting facts: • The statement "I didn't tell them it was yours" is not the same, similar to, equal to, equivalent of, or a synonym to the statement "I don't know whose the box is" no matter how many times these recorded jailhouse telephone conversations are reviewed you'll never hear Breauna state "I didn't tell them it was yours" there is no innocent explanation for this false statement outside of recklessness this false statement cannot be rescued by the good faith exception discovered in United states v. Leon 468 U.S. 897, 104 S.Ct 3405 (1984)

• The statement "I told them you told me to moved the box so I moved the box" is not the same, similar to, equal to, equivalent of, or a synonym to the statement "I remember you said there was a box in my house so I got that motherfucker out my house" no matter how many times these recorded jailhouse conversations are review you'll never hear Breauna state "I told them you told me to moved the box so I moved the box" there is no innocent explanation for this false statement outside of recklessness this false statement cannot be rescued by the good faith exception discovered in United States v. Leon 468 U.S. 897, 104 S.Ct 3405 (1984)

• The statement "how are they going to know it is mine" is not the same, ~~similar to,~~ similar to, equal to, equivalent of, or a synonym to the statement "how are they trying to say it is mine" no matter how many times these recorded jailhouse telephone conversations are reviewed you'll never hear the petitioner state "how are they going to know it is mine" there is no innocent explanation for this false statement outside of recklessness as this false statement is used to recklessly or deliberately mislead and deceive the signing Douglas County Judge giving him a false demonstration of the petitioner claiming ownership over the recovered safe. This false statement cannot be rescued by the good faith exception discovered in United States v. Leon 468 U.S. 897, 104 S.Ct 3405 (1984)

This argument was also brought up in the petitioner pro se motions and pro se objections

Question 13 continued page

Ground Eight: Multiple Amendments to material facts of these recorded jailhouse telephone conversations in a three day period demonstrate this was not a mere allegation of negligence or an innocent mistake thus these false statement cannot be saved by the good faith exception of United States v. Leon 468 U.S. 897 (1984)

(a) Supporting Facts:

prior to the police report submitted on November 5th, 2022 which the material omissions of the recorded jailhouse telephone conversation were disclosed (And the created falsehoods/deliberate false information was removed!). The created Falsehoods/deliberate false information were included in two seperate warrant affidavits Submitted days apart from each other on November 2, 2022 then again on November 4th, 2022 (the latter warrant affidavit included an additional paragraph in comparison to the original Warrant ~~affidavit~~ CW # affidavit) Before November 5th during the drafting of the latter police report the reporting affiant officer removed the created falsehoods/deliberate false information while disclosing the material omissions of the true jailhouse telephone after his efforts to successfully and repeatedly mislead and decieve the same signing Douglas County Judge over a 48 hour period before the drafting of the later police report. The reporting affiant officer made Amendments to recorded jailhouse conversation information Three times in a 3-day period (72 hours). This demonstrates the reporting affiant officer was knowingly aware while reviewing and amending this information During the drafting of his warrant affidavits and the later police. This also demonstrate this was not an innocent mistake or a mere allegation of Negligence and cannot be saved by the good faith exception of United States v. Leon 468 U.S. 897, 104 S. Ct 3405 (1984) as this was not in good faith

Ground Nine: The Material omission and the created falsehoods/deliberate false statements were material to probable cause determination!

(a) Supporting Facts: • The material omission of Key information that the reporting affiant officer omitted/withheld was material to the probable cause determination and ~~detrim~~ detrimental to probable Cause when the reporting affiant officer unconstitutionally and vaguelly Stated "Additionally police officers recieved information the box was likely transported to Jackson Ineasha's residence" this was material to the probable cause determination as it served as the sole basis of police presence at Ineasha Jackson's residence prior to conducting the Search of Ineasha Jackson's residence. without this information probable cause for conducting the search does not exist

• The created falsehoods/deliberate False statements of the two Warrant affidavit were material to the probable cause determination as they falsely demonstrate ~~the petitioner exercising the ability to~~ CWIII false evidence of the petitioner ~~exerts~~ CWIII exercising the ability to Control and the power to control the recovered safe while falsely establish possession, Which ~~that~~ CWIII The true material facts of the recorded jailhouse telephone fail to establish. The petitioner, asserts possession is material to the probable Cause determination as possession was not actual.

• The petitioner further Assents even if this Honorable Court determine these created falsehoods/deliberate false statements or material omissions of the recorded jailhouse telephone conversation were not necessary for a finding of probable. The reporting affiant officer believed and deemed these Falsehoods/deliberate false statements and material omissions of the recorded jailhouse telephone conversation were necessary to decieve and misled the issuing Douglas County to establish probable cause/demonstrating possession during the term of his drafting

Question 13 continued page 3

Ground Ten: Four Corners of the affidavit

(a) Supporting facts: The District Court errored in allowance of the government's usage of extrinsic evidence from outside of the Four Corners of the warrant affidavit to rehabilitate the warrant affidavit in the Court's determination and consideration of rather or not to grant the petitioner's motion

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system:

January 6th, 2025

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1/06/25

Clifford Wright IV
*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*

* Memorandum * Point

Case laws in support of Grounds and petitioner

"Pretrial Habeaus Corpus are properly brought under 28 U.S.C. 2241, which applies to person in custody regardless of whether final Judgement has been rendered and regardless of the present status of the case pending against him" Opsahl v. Minnesota, No. 09-1181 CJRT/RCE), 2010 WL 3515680, at *2 (D. Minn. Aug 31, 2010)

"A warrant based upon an affidavit containing deliberate falsehood or reckless disregard for the truth violates the Fourth Amendment" Morris v. Lanpher, 563 F.3d 399, 402 (8th cir. 2009)

"Truthful in this context means that put forth is believed or appropriately accepted by the affiant as true" Franks 438 U.S. at 165

"In particular, a defendant must point out specifically the portion of the warrant affidavit that claimed to be false, and [the allegations] Should be accompanied by a statement of supporting reason. Affidavit or sworn or otherwise reliable statements of witness should be furnished or their absence Satisfactorily explained" Lucca, 377 F.3d at 931

"reckless disregard for the truth may be inferred... only when the material omitted would have been critical to the finding of probable cause" United States v. Carnaham, 684 F.3d 732, 735 (8th cir)

"If a defendant shows a Franks violation, the fruits of the search (must be) excluded to the same extent as if probable cause was lacking on the face of the affidavit" Franks, 438 U.S. at 156, 98 S. Ct 2674

"To prevail, a defendant must show more than negligence or an innocent mistake" United States v. Butler, 594 F.3d 955 961 (8th cir 2010)

"[Leon's] good faith exception will not apply if a defendant makes a substantial showing that the affiant intentionally or recklessly misstated or omitted facts" United States v. Gipp, 147 F.3d 680, 688 (8th cir 1998)

"In determining if an affiant's statements were made with reckless disregard for the truth, the test is whether, after recieving all the evidence, the affiant must entertained Serious doubt as to the truth of his Statements or had obvious reasons to doubt the accuracy of the information he reported" United States v. McIntyre 646 F.3d 1107, 1114 (8th cir 2011)

"(a) Search warrant may be invalid if the issuing Judge's probable cause determination was based on an affidavit containing false or omitted statements made Knowingly and intentionally or with reckless disregard for the truth" United States v. Reinholz, 245 F.3d 765, 774 (8th cir 2001)

"The holding that fabricating probable cause through material and Knowingly false information in a warrant application violates the Fourth Amendment" Farah, 926 F.3d at 499

"The holding of Franks v Delaware also applies to material that has been deliberately or recklessly omitted from a search-warrant affidavit" United States v. Butler, 594 F.3d 955, 961 (8th cir 2010)

*Memorandum* page 2

Case laws in support of Grounds and petitioner

"when, as here, the issuing court relies solely on an affidavit to determine whether probable cause exi[s]ts, only the information within the four corners of the affidavit may be considered" United States v. Wells 347 F.3d 280, 286 (8th cir 2003)

"[Stating the totality-of-the circumstances analysis includes "information known to the officer ~~both~~ but not presented to the issuing Judge"] Fiorito, 640 F.3d at 345

" The good-faith exception does not apply when: ... the affiant misled the issuing Judge with a Knowing or reckless false statement" United States v. Hay, 46 F.4th 746, 751 (8th cir 2022)

(T)his Court 'may consider the applicability of the good-faith exception to the exclusionary rule;' without addressing whether probable cause exists."
United states v. Williams, 976 F.3d 807, 809 (8th cir 2020)

Clifford Wright III #250534
Hall County Department of Corrections
110 Public Safety Drive
Grand Island, NE 68801



U.S. District Clerk of Courts
111 S 18th plaza suite #1152
Omaha, NE 68102

RECEIVED
JAN 13 REC'D
CLERK
U.S. DISTRICT COURT

Hall County Jail Inmate Mail
Contents Are Uncensored

Hall County Jail Inmate Mail
Contents Are Uncensored

Hall County Jail Inmate Mail
Contents Are Uncensored