RECEIVED
FEB - 7 REC'D
CLERK
U.S. DISTRICT COURT

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2025 FEB -7 AM 9:26
OFFICE OF THE CLERK

In The United States District Court District of Nebraska

Clifford Wright III, plaintiff — Case No. 8:25CV12

vs

United States District Court District of Nebraska, Defendant

Affidavit in Support of Extraordinary Circumstances/Exceptional Circumstances Requirement of Habeas Corpus under 28 U.S.C. 2241

Comes now I, Clifford Wright III, petitioner in the above titled petition praying accordingly that this Honorable Court take serious consideration in granting this petitioner's Habeas Corpus accordingly as the created falsehood of the affidavit in support of the Search and The affidavit in Support of the Order Identifying physical Characteristics also the subsequently file Police Report meet the requirement to demonstrate bad fact in accordance with the requirement of bad faith of the extraordinary circumstances described in Moore v. De Young, 515 F.2d 437 (3rd Cir 1975):

"In Moore, The third circuit noted that delay, harrassment, bad faith, or other intentional activity might constitute an extraordinary circumstances justifying federal court intervention before trial" 515 F.2d at 447 n.12

Likewise the petitioner is a federal pretrial detainee not a state pretrial detainee so the younger doctorine or other similar rulings does not apply to the petitioner as the criminal proceeding is a federal proceeding and not a state proceeding pursuant to Younger v. Harris, 401 U.S. 37, 43-44 (1971)

Additionally the disclose of extrinsic evidence disclosed by the petitioner in relation to the description given by Special assistant U.S. Attorney Joseph P. Meyer on docket Number 72 of casenumber 822CR253 in his description of the events which occured on October 31, 20[illegible] also the description of the events which occured on October 31, 2022 given by reporting affiant officer Cole Johannsen in his November 2 Affidavit in Support of Search Warrant,

November 4th Affidavit in Support of Order Identifying Physical Characteristics, His Subsequently filed November 5th police report, and Officer Nicholas Yarpe Statements to the petitioner while executing ~~the~~ the arrest warrant and detaining the petitioner outside of Douglas County Department of Corrections clearly demonstrate Officer Nicholas Yarpe #2082 acted in bad faith when he gave his false testimony included in the petitioner's arrest warrant ~~dated~~ CWIII Issued on November 1, 2022

Futhermore the government is operating in bad and have requested undetermined delay of time when the government filed for an undisclosed amount of time the government needs to submit the government response brief in opposition of the petitioner's request for multiple evidentiary motion on January 31, 2025. It should be noted these evidentiary motion filed on January 10, 2025 are the same evidentiary motions the defendant handwrote and filed while pro se in case No 822CR253 between the time period of November 2023 thru Feburary 2024 which the Honorable Court dismissed ~~on~~ CWIII without prejudice on its on accordance on June 27, 2024 requesting that these evidentiary motions be typed up and filed on a later date. Subsequently these pro se motions of the petitioner were typed up and refiled by the petitioner's court appointed attorney on January 10th, 2025 The government has had more than 12 to 15 month time span to adequately prepare a brief in response to the petitioner's request for these evidentiary motions. This additional extension is being used in bad faith as a ~~tact~~ CWIII tacit as the government can not come up with a reasonable explanation or reasonable Justification for the created falsehoods of the warrant affidavit nor the false testimony of the petitioner's arrest warrant. The government is using this continuance as to further delay this case and prolong this case even further in attempt to coerce the ~~defendant~~ CWIII ~~~~ CWIII petitioner into taking a plea deal thru duress, stress, and emotional distress

The 8 month delay due to the Honorable Court withdraw of the petitioner's request for multiple evidentiary motions on June 27, 2024 before being ~~refiled~~ CW III typed up and refiled on January 10, 2025, The 12-15 month time span delay since the petitioner first filed his hand written pro se motions, and 27 month prolongation of the petitioner incarceration meet the delay element of the extraordinary requirement described in Moore v. De Young, 515 F.2d 437, 441-42 (3d cir 1975)

Finally and ~~Fut~~ CW III Furthermore the government's recent delay filed on January 31, 2025 in relation to the government's responding brief in opposition of the defendant's request for multiple evidentiary motions where the government has asked for an undisclosed amount of time to file ~~it~~ CW III, the Government's opposition brief Should likewise meet the delay ~~an~~ CW III element described in Moore v. De Young, 515 F.2d 437, 441-42 (3d cir 1975) As the petitioner, the government, or the Honorable Court have no possible way of Knowing how further this prolongation will delay this case as the Government has already possessed over a year to adequately prepare a reasonable explanation/reasonable Justification in opposition to the ~~defendant~~ CW III petitioner's brief For The Above named Reason The petitioner pray this Honorable Court grant the petitioneR's Habeas Corpus

IN THE UPMOST RESPECT

AND ADMIRATION

Clifford Wright III #250534
Hall County Department of Corrections
110 Public Safety Drive
Grand Island, NE 68801




RECEIVED
FEB - 7 REC'D
CLERK
U.S. DISTRICT COURT

U.S. District Clerk of Court
111 S. 18th Plaza Suite 1152
Omaha, NE 68102

68102$1322 C016

Hall County Jail Inmate Mail
Contents Are Uncensored

FSC
MIX
Envelope
FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022