FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2025 FEB 10 AM 11:06
OFFICE OF THE CLERK

RECEIVED
FEB 10 REC'D
CLERK
U.S. DISTRICT COURT

In The United States District Court District of Nebraska

Clifford Wright III, petitioner — Case No.

vs — Memorandum and legal Argument

United States District Court District of Nebraska, Respondent — In Support of deliberate omissions and reckless omissions

Comes now I, Clifford Wright III, the petitioner in the above titled petition before the Honorable Court providing the following:

Reporting affiant officer Cole Johannsen omitted several paragraphs of information in relation to recorded jailhouse telephone conversations during the drafting of his November 2nd and November 4th warrant affidavit which directly contradict the created falsehoods/deliberate false information of the warrant affidavit which he subsequently disclosed in his subsequent November 5th police report immediately the day after getting the issuing Judge's approval of his last and final warrant and no longer needed the Issuing Judges approval for any future warrants. The material omissions and created falsehoods/deliberate false information were used to create a false impression misleading and decieving the Issuing Douglas County Judge in relation to ownership, possession, and the ~~ability~~ Petitioner's ability to exercise the ability and the power to control the box. If this omitted information of the police report were included in the two warrant affidavits during the term of Johannsen's drafting the created falsehoods/deliberate false information would cease to make sense the November 5th police report provided the following information: "During a subsequent call WRIGHT speaks directly with Breauna where he states to her 'Why the hell not you just drop it off' and wep bout to come get it from ya or you can just take it and meet him somewhere.' Breauna responds with 'The Cops got it'." This information demonstrates Breauna did not move the box because the petitioner told her to, like Johannsen falsely stated in the November 2nd and November 4th warrant affidavits, as the box had already been moved. This omitted material facts also demonstrates the petitioner's inability to exercise the ability and lack of power to control the box in comparision to false impression of the November 2nd and November 4th warrant affidavits. The Omitted information of the November 5th police report continues with the following:

" WRIGHT then States 'the cops took it from you? Breauna then states 'they took it from my homegirl house.' WRIGHT then states 'It was at your ~~bemegirls~~ CW III homegirl house?' Breauna then states yes and WRIGHT ask why; and Breauna responds with 'Cause I didn't want it in my house, I didn't know what was in it, so I wanted it somewhere that I didn't have to worry about the police busting in the house I'm on a tracker so as you said something about the box in my house I got that motherfucker out."

If this omitted information were included in Johannsen's drafting of the two warrant affidavits the created ~~false statem~~ CW III falsehood/deliberate false information "I told them you told me to move the box so I moved the box" would cease to make sense.

" Omissions [of material facts] in affidavit used to obtain a search warrant are considered to be misleading when the facts contained in the omitted [affidavit] tend to weaken or damage the inferences which can be logically drawn from the facts as stated in the affidavit" State v. Short, 310 Neb 81,125 (2021)

"Inferences from the fact of omission of information from an affidavit [...] is warranted only when the material omitted would have been 'clearly critical' to the finding of probable cause..." United States v. Reivich, 793 F.2d 957, 961 (8th cir 1986)

The material omission or created falsehoods of Johannsen can not be rescued by the good faith exception of leon 468 U.S. 897 (1984)

" The good faith exception will not apply if a defendant makes a substantial showing that the affiant intentionally or recklessly mistated or omitted facts" United States v. Gipp, 147 F.3d 680 (8th cir 1998)

" Good faith is not a ~~magiclamp~~ CW III magic lamp for police officers to rub whenever they find themselves in trouble" United States v. Reilly, 76 F.3d 1271 (2d.)

Futhermore Cole Johannsen recklessly omitted key information which was detrimental to probable cause when he stated in his affidavit of the November 2nd warrant affidavit, November 4th warrant affidavit, and his subsequent November 5th warrant affidavit "Additionally box recieved information

"the box" was likely transported to Jackson Ineasha Residence". How police officers recieved this information served as the sole basis for probable cause of the police presence at Ineasha's residence also serving as the sole basis for probable cause for conducting the search at Ineasha Jackson's residence. without this information probable cause would not exist and could not exist. Johannsen recklessly omitting who, where, when, why, what, and how police officer recieved this information, information a Judge would wish to know. Johannsen recklessly omitting if police officer recieved this information via confidental informant, via cooperating witness, via cooperating defendant, via concerned citzen, nor via anonymous tip. Information the Issuing Judge would wish to know to help the Judge determine if this source of information was a reliable source and a creditible source

An officer act with reckless disregard for the truth if they knowingly withhold facts "any reasonable person would have known [....] was the kind of thing the Judge would wish to know" Jacobs, 968 F.2d 123

In the Upmost RESPECT
And Admiration,

Clifford Wright III

Clifford Wright III #250534
Hull County Department of Corrections
110 Public Safety Drive
Grand Island, NE 68801

OMAHA NE 680
8 FEB 2025 PM 2 L




U.S. District Clerk of Courts
111 S. 18th plaza suite 1152
Omaha, NE 68102

RECEIVED
FEB 10 REC'D
CLERK
U.S. DISTRICT COURT

8 FEB 2025 PM 2 L
OMAHA NE 680

68102-132277

Hall County Jail Inmate Mail
Contents Are Uncensored

FSC
MIX
Envelope
FSC® C137131

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022