IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CLIFFORD WRIGHT III,

                    Petitioner,

          vs.

UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA,

                    Respondent.

8:25CV12

MEMORANDUM AND ORDER

This matter is before the Court on initial review of Petitioner Clifford Wright III's ("Wright" or "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"). Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. Before conducting this review, the Court will address the multiple motions Wright has filed to supplement and amend his Petition.

## I. MOTIONS TO SUPPLEMENT AND AMEND PETITION

Wright filed his Petition on January 13, 2025. Filing No. 1. Thereafter, on February 7 and February 24, 2025, Wright filed three motions seeking leave to supplement his Petition with additional grounds for relief. Filing Nos. 7, 10, & 13. On February 28, 2025, Wright subsequently filed a motion for leave to file an amended petition "to supersede the original [Petition]" and "to withdraw all previously submitted motion[s] of leave to file supplemental Amendment as moot." Filing No. 14. Wright simultaneously filed a signed amended petition ("Amended Petition"). Filing No. 15. Upon consideration, the Court will grant

Wright's motion for leave to file an amended petition, Filing No. 14, and will deny the motions to supplement, Filing Nos. 7, 10, & 13, as moot. The Amended Petition is the operative pleading, which the Court will review pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the Rules Governing Section 2254 Cases.

In conducting its review, the Court will also consider the exhibits Wright submitted as attachments to Filing No. 9, his motion to withdraw his previous motion at Filing No. 3 asking the Court to take judicial notice of the exhibits and evidence in Case No. 8:22CV443. Because Wright included the exhibits he wishes the Court to consider with Filing No. 9, the Court will grant his motion to withdraw his previous motion at Filing No. 3 and will deny the previous motion as moot.

## II. BACKGROUND AND SUMMARY OF AMENDED PETITION

Wright is a federal pretrial detainee currently confined in the Douglas County Department of Corrections and awaiting trial in a pending criminal case in this Court—*USA v. Wright*, Case No. 8:22-cr-253-RFR-RCC (D. Neb.) (hereinafter the "Criminal Case").[1] Filing No. 15 at 1–2; Filing No. 17. On November 15, 2022, Wright was indicted in the Criminal Case on one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(8). Filing No. 1, Case No. 8:22CR253.  On December 13, 2022, a superseding indictment was filed in the Criminal Case charging Wright with one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1), one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and assigning count one of the initial indictment of possession of a firearm by a prohibited person as count three of the superseding indictment. Filing Nos. 16 & 19, Case

---

[1] The Court takes judicial notice of its own records in the Criminal Case. *See United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981) (court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records).

No. 8:22CR253. A second superseding indictment was recently filed on April 21, 2025, charging the same three counts, but amending the date range for the offenses in counts one and two to match the date range in count three. Filing Nos. 311 & 314, Case No. 8:22CR253. Wright pleaded not guilty to all counts, *see* Filing Nos. 22 & 316 (Text Minute Entries), Case No. 8:22CR253, and awaits trial currently set for May 27, 2025.

Wright filed a previous habeas petition pursuant to 28 U.S.C. § 2241 in this Court asserting due process, unconstitutional arrest, illegal search and seizure, improper use of evidence, and invasion of privacy claims relating to the Criminal Case. *Wright v. United States District Court the District of Nebraska, et al*, Case No. 8:22-cv-00439-JFB-PRSE (D. Neb.). On April 6, 2023, Senior District Judge Joseph F. Bataillon dismissed Wright's petition without prejudice, reasoning that Wright's claims related to his pending Criminal Case "must be exhausted at trial and on appeal in the federal courts before habeas corpus relief would be available." *Wright v. United States Dist. Ct. Dist. of Nebraska*, No. 8:22CV439, 2023 WL 2810786, at *3 (D. Neb. Apr. 6, 2023) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994), *appeal dismissed*, 54 F.3d 782 (8th Cir. 1995)).

In his present Amended Petition, Wright challenges the denial of his request for a "*Franks* Hearing" on August 22, 2024, and the legality of his confinement, alleging that he is being held in violation of the Fourth and Fourteenth Amendments of the United States Constitution. Filing No. 15 at 2. Condensed and summarized, Wright alleges violations of his Fourth and Fourteenth Amendment rights due to false, misleading, inaccurate, and recklessly withheld information in the affidavits used to obtain search warrants for evidence related to Wright's current charges in the Criminal Case. Filing No. 15 at 6–8. Wright seeks, inter alia, remand of his request for

a *Franks* hearing, dismissal of the Criminal Case, and his immediate release. Filing No. 15 at 7.

## III. DISCUSSION

The Court can consider an application for a writ of habeas corpus by a federal pretrial detainee under 28 U.S.C. § 2241. "Although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the petitioner must first exhaust his available remedies." *McNeil v. Newton*, No. 4:06-CV-3305, 2007 WL 257668, at *1 (D. Neb. Jan. 25, 2007) (citing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–90 (1973) (federal habeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction)). Considerations of federal court efficiency and administration, such as potential "judge shopping" and avoiding "duplicitous litigation," "weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Id.* at *2 (quoting *Kotmair v. United States*, 143 F. Supp. 2d 532, 534 (E.D.N.C. 2001)); *see also Moore*, 875 F. Supp. at 624.

As with his previous habeas petition, all of Wright's claims relate to his pending Criminal Case and would be dispositive of his pending federal criminal charges. Moreover, Wright essentially asks the undersigned to circumvent the decisions previously rendered by the judge assigned to his Criminal Case, which is precisely the type of "judge shopping" the exhaustion requirement seeks to avoid. "[P]rinciples of federal court efficiency require that [Wright] exhaust [his] claims by presenting them at trial and then on direct appeal." *Moore*, 875 F. Supp. at 624. Accordingly, the Court concludes Wright cannot obtain the habeas relief he seeks regarding his pending federal prosecution under § 2241, and his petition must be denied and dismissed without prejudice.

## IV. OTHER PENDING MOTIONS

Wright has filed three other motions, which the Court now addresses in turn.

First, Wright filed a document titled "Memorandum/Legal Argument," which the Court docketed as a motion. Filing No. 5. In the motion, Wright essentially asks the Court to find that he has demonstrated extraordinary circumstances warranting federal court intervention before trial and to grant his habeas petition. In light of the Court's conclusion above that Wright must exhaust his claims at trial and on direct appeal, the Court will deny Wright's motion as moot.

Next, Wright filed a motion for leave to proceed in forma pauperis ("IFP") on February 24, 2025. Filing No. 11. However, the Court's records show that Wright paid the $5.00 filing fee at the time he filed his Petition. The Court, therefore, denies Wright's IFP motion as moot.

Wright also filed a motion asking the Court to advise him of the status of his case. Filing No. 16. The Court will grant Wright's motion, and this Memorandum and Order serves to advise Wright of the status of his case.

## V. NO CERTIFICATE OF APPEALABILITY REQUIRED

Finally, 28 U.S.C. § 2253, which requires a district court to consider whether to issue a certificate of appealability ("COA") on appeal, applies to appeals from the denial or dismissal of habeas petitions under 28 U.S.C. § 2254, habeas petitions by state prisoners under 28 U.S.C. § 2241, and motions to vacate sentence by federal prisoners under 28 U.S.C. § 2255. However, a federal prisoner appealing the denial or dismissal of a § 2241 petition is not required to obtain a COA. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)); *see also Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000) (A

COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255;" thus, a state prisoner needs a COA to appeal a § 2241 or § 2254 judgment, but a federal prisoner needs a COA only for a § 2255 appeal, not § 2241.). Because Wright challenged only his detention by federal authorities and is presently in federal custody, the Court determines that Wright is exempt from the COA requirement.

## VI. CONCLUSION

The Court concludes that Wright's Amended Petition must be dismissed as his claims for relief related to his pending Criminal Case must first be exhausted at trial and on direct appeal.

IT IS THEREFORE ORDERED that:

1.    Wright's motion for leave to file an amended petition, Filing No. 14, is granted, and the Amended Petition, Filing No. 15, is the operative petition. Wright's motions for leave to supplement his petition, Filing No. 7; Filing No. 10; Filing No. 13, are denied as moot.

2.    Wright's motion for leave to withdraw his previous motion, Filing No. 9, is granted, and the previous motion for leave to use evidence and exhibits of Case No. 8:22CV443, Filing No. 3, is denied as moot.

3.    Wright's motion for status, Filing No. 16, is granted consistent with this Memorandum and Order.

4.    Wright's motion titled "Memorandum/Legal Argument," Filing No. 5, and IFP motion, Filing No. 11, are denied as moot.

5.    The Amended Petition, Filing No. 15, is denied and dismissed without prejudice.

6.    The Court will enter a separate judgment.

Dated this 25th day of April, 2025.

BY THE COURT:

_____
John M. Gerrard
Senior United States District Judge